1 | MORGAN, LEWIS & BOCKIUS LLP

2 | John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
3 | 300 S. Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
4 | Tel: +1.213.612.1018
Fax: +1.213.612.2501

5 |

6 | Christopher J. Banks, Bar No. 218779
christopher.banks@morganlewis.com
Theresa Mak, Bar No. 211435
7 | theresa.mak@morganlewis.com
One Market, Spear Street Tower
8 | San Francisco, CA  94105-1596
Tel: +1.415.442.1354
9 | Fax: +1.415.442.1001

10 | *Attorneys for Defendants*
AMAZON.COM,   INC.   and   AMAZON
11 | LOGISTICS, INC.

12 |

13 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

14 |

15 | RAEF LAWSON, in his capacity as | Case No. 2:17-cv-02515-AB-RAO
16 | Private Attorney General
Representative, | **DEFENDANTS'**
17 | | **MEMORANDUM OF LAW AND**
**POINTS OF AUTHORITY IN**
Plaintiff, | **SUPPORT OF THEIR MOTION**
18 | | **TO DISMISS, OR IN THE**
v. | **ALTERNATIVE, MOTION TO**
19 | | **TRANSFER OR STAY**
AMAZON.COM, INC. and AMAZON
20 | LOGISTICS, INC., | Date: September 15, 2017
Time: 10:00 a.m.
21 | Defendants. | Courtroom: 7B
Judge: Hon. André Birotte Jr.

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   PROCEDURAL BACKGROUND...................................................................... 3

III.  ARGUMENT .................................................................................................. 8

    A.    Mack's Action Should be Dismissed or, in the Alternative, Transferred To The Western District of Washington Where He Can Seek Leave to Join His PAGA Claim With The Underlying Claims in Rittmann. ..................................... 8

        1.    Mack's action should be dismissed or, in the alternative, transferred in favor of the first-filed Rittmann action. .................................. 9

        2.    If Mack's action is not dismissed under the first-to-file rule, 28 U.S.C. § 1404(a) instructs that it should be transferred to the Western District of Washington.............................................................. 11

    B.    In The Alternative, Mack's PAGA Claim Should Be Stayed Pending The Resolution of The Identical Underlying Claims Asserted in Rittmann. ............... 15

IV.   CONCLUSION ............................................................................................. 16

`

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

## Table of Authorities

**Page(s)**

CASES

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F.2d 622 (9th Cir. 1991)..................................................................................9, 11, 16

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
  No. 06-04871, 2006 WL 4568798 (C.D. Cal. Nov. 30, 2006)..................................15

*Cadenasso v. Metro. Life Ins. Co.*,
  No. 12-05491, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) ..................................14

*Continental Grain Co. v. The FBL-585*,
  364 U.S. 19 (1960) ...............................................................................................13, 14

*Doe v. Swift Transp. Company*,
  No. 17-15102 ...............................................................................................................6

*Epic Systems Corp. v. Lewis*,
  No. 16-285 (U.S. Jan. 13, 2017) ..............................................................................6, 7

*Ernst & Young LLP v. Morris*,
  No. 16-300 (U.S. Jan. 13, 2017) ..............................................................................6, 7

*Inherent.com v. Martindale-Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ................................................................9, 11

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
  544 F. Supp. 2d 949 (N.D. Cal. 2008) .........................................................................9

*Iskanian v. CLS Transp. Los Angeles, LLC*,
  No. BC356521 (Sup. Ct. L.A. Cnty. Nov. 25, 2016)................................................16

*Jasper v. C.R. England, Inc.*,
  No. 08-5266, 2012 WL 7051321 (C.D. Cal. Aug. 30, 2012)....................................10

*Jolly v. Purdue Pharma L.P.*,
  No. 05-01452, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005)..................................13

*Jones v. Spherion Staffing LLC*,
  No. 11-06462, 2012 WL 3264081 (C.D. Cal. Aug. 7, 2012)....................................11

*King-Scott v. Univ. Med. Pharm. Corp.*,
  No. 09-02512, 2010 WL 1815431 (S.D. Cal. May 6, 2010)..................................12, 13, 14, 15

*NLRB v. Murphy Oil USA, Inc.*,
   No. 16-307 (U.S. Jan. 13, 2017) ............................................................6, 7

*PETA, Inc. v. Beyond the Frame, Ltd.*,
   No. 10-07576, 2011 WL 686158 (C.D. Cal. Feb. 16, 2011).......................9

*Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*,
   No. 16-01554 (W.D. Wash.) ................................................. passim

*Wentz v. Taco Bell Corp.*,
   No. 12-1813, 2012 WL 6021367 (E.D. Cal. Dec. 4, 2012) ................................10, 15

**STATUTES**

28 U.S.C. § 1404(a) ........................................................... passim

California Labor Code § 226(a) ............................................4, 5, 7

California Labor Code § 1174(d) ............................................4

California Labor Code § 2698.........................................................4

California Labor Code § 2802............................................4, 5, 7

Federal Arbitration Act ...........................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

## I.     **INTRODUCTION**

Plaintiff Iain Mack ("Mack" or "Plaintiff") contracted with Amazon to do what third-party delivery service providers such as FedEx, UPS, and the United States Postal Service have done for Amazon for many years: pick up packages from Amazon facilities and make deliveries on the "last mile" to the homes and businesses of Amazon's customers.  No one suggests that the drivers delivering through those third-party vendors are Amazon employees. Nonetheless, and despite providing precisely the same service, Mack brings this PAGA action alleging he and other delivery providers ("DPs") who made deliveries for Amazon in California were misclassified as independent contractors.  Dkt. #19 at ¶2.

This action never should have been filed in this Court.  Mack's case is based on the exact same alleged facts and legal theories, and brought by the same counsel, as claims pending before Judge Coughenour in *Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, No. 16-01554 (W.D. Wash.) ("*Rittmann*").  In fact, Mack has merely attempted to step into the shoes of the prior named plaintiff in this case, Raef Lawson.  Lawson withdrew his claims in this case because he recognized it was wholly untenable for him to be litigating in this Court the same underlying claims that he is already litigating as a named Plaintiff in *Rittmann*.  Indeed, there could not have been a more compelling fact pattern for dismissal in favor of Lawson's first-filed action, *Rittmann*, in the

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

Western District of Washington.   Rather than having Mack join Lawson on Lawson's return to the Western District of Washington, Mack's (and Lawson's) counsel, in their inexplicable effort to litigate the same issues in two different courts, substituted Mack in an effort to avoid dismissal or transfer of this case. While it is understandable that Plaintiff's counsel would want two bites at the apple, the first-filed rule is intended to prevent just that.

Although missing from his Amended Complaint, Mack's reasons for bringing this duplicative lawsuit are no secret.  Judge Coughenour has temporarily stayed the *Rittmann* action pending upcoming decisions from the United States Supreme Court and the Court of Appeals for the Ninth Circuit that could bear upon the enforceability of the arbitration agreement that Mack himself accepted.[1]  And make no mistake about it:   Mack has substituted in for Lawson in an obvious attempt to circumvent Judge Coughenor's stay.  Plaintiff's tactics are all the more disappointing given that Judge Coughenour granted express permission to the *Rittmann* plaintiffs to add a PAGA claim *in that action*.  *See Rittmann*, Dkt. #82 at 2 ("Plaintiffs are hereby given permission to file their second amended complaint. Plaintiffs may add their PAGA claim to the second amended complaint.").  Mack's

---

[1] Like the overwhelming majority of DPs, Mack agreed to be bound by the terms of Amazon's Independent Contractor Terms of Service (the "TOS"), which contains a valid agreement to arbitrate on an individual basis all disputes between Mack and Amazon, unless precluded by applicable law.   Ex. 1, Bowers Declaration at ¶¶ 9-11, 15.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

counsel have specifically represented to *this* Court that they intend to add a PAGA claim in *Rittmann*—but appear to be waiting to amend until *after* Amazon files the instant motion solely for the purpose of not having entirely overlapping PAGA claims in two different jurisdictions. *See* Dkt. #16.

There is no reason to proceed with this unnecessary action that will burden the federal courts and Amazon with dueling litigations based on the same factual and legal theories brought by the same lawyers. This substantial burden can and should be avoided by dismissing this case.  Plaintiff can then seek leave to rejoin Lawson in the *Rittmann* action and amend that complaint in Washington to add his related PAGA claim.  In the alternative, if the Court does not dismiss Mack's action, it should transfer it to the Western District of Washington based upon the prior, pending *Rittmann* action or, barring that outcome, stay this PAGA-only claim pending the resolution of the identical underlying alleged California Labor Code violations asserted in the *Rittmann* action on a classwide basis.  Besides a dismissal or transfer, a stay would best preserve limited judicial resources by avoiding wasted litigation costs, including overlapping discovery, and avoid the piecemeal litigation of claims that are inherently intertwined.

## II.   PROCEDURAL BACKGROUND

After Amazon's counsel advised Plaintiff's counsel that they would be seeking to dismiss Lawson's claims based on impermissible claim-splitting and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

first-filed grounds, Plaintiff's counsel filed an Amended Complaint on July 26, 2017 substituting Mack as the named plaintiff and withdrawing Lawson from this action. *See* Dkt. #19 (the "Am. Compl."); *see also* Dkt. #15. Despite the optics of having a new named plaintiff, the Amended Complaint is nearly identical and includes the same, lone PAGA claim based on the same underlying Labor Code sections and allegations as was initially pleaded when Lawson was the named Plaintiff. *Compare* Dkt. #1 *with* Dkt. #19.

PAGA permits employees to bring a representative suit and recover civil penalties on behalf of themselves, other employees, and the State of California for proven violations of California labor law. *See* Dkt. #19; Cal. Lab. Code § 2698 *et seq.* Mack's PAGA claim seeks to recover penalties on behalf of himself and other California DPs under California Labor Code § 2802 "for [alleged] failure to reimburse delivery drivers for all necessary business expenses," and under California Labor Code § 226(a), "for failure to provide itemized wage statements that provide the number of hours worked, how compensation was calculated, and other required information." Dkt. #1 at ¶¶ 2, 14. Mack seeks additional penalties under a related statute, California Labor Code § 1174(d), "for failure to maintain 'payroll records showing the hours worked daily by and the wages paid to . . . employees employed' in California." *Id.* at ¶14.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

Months before Lawson (and now Mack) filed this action, his counsel filed **identical** underlying claims in *Rittmann*.   *See Rittmann*, Dkt. #33.   Like Mack here, in *Rittmann*, Lawson (the California putative class representative in that case) alleges:

on behalf of himself and a class of other similarly situated Amazon delivery drivers who have worked in California, that Amazon has violated various provisions of California Labor Code including: (1) Cal. Labor Code §2802 for failure to reimburse delivery drivers for all necessary business expenses such as gas and car maintenance; and (2) Cal. Labor Code § 226(a) for failure to provide itemized wage statements that provide the number of hours worked, how compensation was calculated, and other required information.

*Compare Rittmann*, Dkt. #33 at ¶5 with *Lawson*, Dkt. #19 at ¶2.   Conceding that the Western District of Washington is the proper forum for this action, Mack's counsel represented to *both* the *Rittmann* court *and this Court* that they intended to further amend Lawson's claims at the first opportunity to add the same PAGA claim that Lawson, and now Mack, have asserted here.   *See* Dkt. #16 at 2 ("WHEREAS, Plaintiff Lawson thereafter will move in the *Rittmann* Action to amend his complaint to add his PAGA claim and Defendants will not object to such amendment"); *Rittman*, Dkt. #33 at n. 1 ("Plaintiff Lawson has also recently

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

filed a letter with the California Labor and Workforce Development Agency . . . that he intends to pursue claims under [PAGA], predicated on the Labor Code violations set forth herein. Once the requisite 65-day time period has run after filing this letter, Plaintiffs intend to further amend this complaint to add these claims under PAGA."); *see also Rittmann*, Dkt. #80 at 9 ("Plaintiffs request that the Court lift the stay, at least for the purpose of allowing them to file their Second Amended Complaint. . .").[2]

The claims in *Rittmann* have been subject to extensive motion practice, including plaintiffs' motion for notice and conditional certification of their FLSA claims (*see Rittman*, Dkts. #20, 47, 64); Amazon's motion to dismiss and to compel plaintiffs' claims to individual arbitration (*see id.*, Dkts. #36, 46, 61, 62, 68); and Amazon's motion to stay pending the Supreme Court's decision in *Epic Systems Corp. v. Lewis*, No. 16-285 (U.S. Jan. 13, 2017), *Ernst & Young LLP v. Morris*, No. 16-300 (U.S. Jan. 13, 2017), and *NLRB v. Murphy Oil USA, Inc.*, No. 16-307 (U.S. Jan. 13, 2017), and the Ninth Circuit's decision in *Doe v. Swift Transp. Company*, No. 17-15102 (*see Rittman*, Dkts. #71, 73, 74).[3]

---

[2] The 65-day waiting period has run.  It appears that Lawson's counsel are holding off amending his complaint in Washington to add his long-promised PAGA claim because he recognizes that the optics of having that PAGA claim pending in Washington would not look good in the context of their effort to save Mack's duplicative PAGA claim in this Court.

[3] The three consolidated cases on appeal to the Supreme Court each present the same issue:   Whether an arbitration agreement that requires an individual to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

On March 6, 2017, Judge Coughenour granted, in part, Amazon's motion to dismiss the Complaint in *Rittmann* for failure to state a claim, dismissing without prejudice seven of the eight causes of action, including Lawson's claim under California Labor Code § 226(a).   *Rittmann*, Dkt. #76.   Judge Coughenour held, however, that Lawson's bare-bones claim under California Labor Code § 2802 could survive at the early stage of the proceedings.   *Id.* at 4-5.   In light of Amazon's then-pending motion to stay and Judge Coughenour's decision to dismiss all but one of plaintiffs' claims, the *Rittmann* court declined to rule on Amazon's motion to compel arbitration of Lawson and other Amazon drivers who agreed to individual arbitration.   *Id.* at 6-7.

On March 22, 2017, Judge Coughenour stayed the *Rittmann* action in its entirety pending the Supreme Court's and the Ninth Circuit's upcoming arbitration

_____

resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act.   *See Epic Systems Corp. v. Lewis*, No. 16-285 (U.S. Jan. 13, 2017); *see also Ernst & Young LLP v. Morris*, No. 16-300 (U.S. Jan. 13, 2017), and *NLRB v. Murphy Oil USA, Inc.*, No. 16-307 (U.S. Jan. 13, 2017).   By the time the briefing on the instant motion is complete on or around September 1, 2017, the Supreme Court will be preparing to hear oral argument in that trilogy cases, which has been set for October 2, 2017 – a mere six weeks from now.   *See Epic Systems Corp. v. Lewis*, No. 16-285 (U.S. Jan. 13, 2017); *see also Ernst & Young LLP v. Morris*, No. 16-300 (U.S. Jan. 13, 2017), and *NLRB v. Murphy Oil USA, Inc.*, No. 16-307 (U.S. Jan. 13, 2017) (setting oral argument for "Monday, October 2, 2017" on July 19, 2017).   The appeal before the Ninth Circuit in *Swift Transportation Co.* will be fully briefed by September 13, 2017.   *See id.*, No. 17-15102 (Dkt. #31).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

decisions.  *See Rittmann*, Dkt. #77.  Judge Coughenour agreed with Amazon's argument that issuing the stay would avoid "extensive and costly discovery and litigation . . . which may then be rendered moot."  *Rittmann*, Dkt. #77, at 3.  Less than a week after the *Rittmann* court issued the stay, Lawson filed this duplicative action in order to circumvent Judge Coughenour's decision.  *See Rittmann*, Dkt. #80 at 6 (acknowledging that "in order to ensure that the PAGA claim was . . . not subject to a stay, Plaintiff Lawson filed a new case in California . . .").

On April 19, 2017, the *Rittmann* court denied the plaintiffs' motion for reconsideration of the stay.  *See Rittmann*, Dkt. #82.  **Judge Coughenour, however, expressly granted Lawson permission to file a second amended complaint for the purpose of adding his PAGA claim**.  *Rittmann*, Dkt. #82 at 2.  Despite receiving leave to file his PAGA claim, and despite acknowledging Amazon's objection to Lawson's "split[ting] his claims between two cases" (*id*., Dkt. #80 at 6), Lawson refused to transfer this action, paving the way for Mack's duplicative Amended Complaint.  Instead, Lawson and his counsel filed a second amended complaint in *Rittmann* to supplement his underlying California Labor Code claims, but omitted his promised derivative PAGA claim.  *See Rittmann*, Dkt. #83 at ¶5 & n.1.

## III.   ARGUMENT

**A.   Mack's Action Should be Dismissed or, in the Alternative, Transferred To The Western District of Washington Where He Can Seek Leave to Join His PAGA Claim With The Underlying Claims in *Rittmann*.**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

**1. Mack's action should be dismissed or, in the alternative, transferred in favor of the first-filed *Rittmann* action.**

Under the first-to-file rule, a district court has the authority to dismiss, transfer or stay "an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Dismissal, rather than a transfer or stay, is proper where, as here, "the court of first filing provides adequate remedies." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (citing *Alltrade,* 946 F.2d at 627-28). Exercising this authority "does not require identical parties or issues, so long as the actions are substantially similar or involve substantial overlap," *PETA, Inc. v. Beyond the Frame, Ltd.*, No. 10-07576, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011), particularly when a dismissal, transfer, or stay will "promote efficiency and [] avoid duplicative litigation," *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (first-filed doctrine applied where resolution of later-filed claims in California would "be intimately intertwined with the factual and legal considerations" underlying related, but not identical, claims pending in New Jersey). *See also Intersearch Worldwide,* 544 F. Supp. 2d at 959 n.6, 963 (dismissing action under first-to-file rule where later-filed claims also would be resolved by "underlying facts . . . front and center" in the first-filed action: "[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters.") (citations omitted).

Amazon's motion easily satisfies the requirements of the first-to-file rule. Lawson is both a named Plaintiff in *Rittmann* and the original Plaintiff in this action; Lawson has merely been replaced by Mack. And, Mack is a member of the putative *Rittmann* class. Indeed, the underlying basis for Mack's PAGA claim is identical to the California claims already alleged by Lawson, the first plaintiff in this action, in *Rittmann*; these identical claims are alleged against the same defendant, Amazon; and Mack's PAGA claim will rise or fall depending on the resolution of the underlying claims and allegations in *Rittmann*. Simply put, it would be impossible for this Court to reach the merits of Mack's PAGA claim without first determining the central factual and legal disputes at issue in *Rittmann*. *See, e.g.*, *Wentz v. Taco Bell Corp.*, No. 12-1813, 2012 WL 6021367, at *5 (E.D. Cal. Dec. 4, 2012) (dismissing PAGA claim because plaintiff failed to assert valid, underlying California Labor Code claims: "The PAGA claim derives from California Labor Code claims. Without them, there is no substantive basis to assert a PAGA claim."); *Jasper v. C.R. England, Inc.*, No. 08-5266, 2012 WL 7051321, at *9 (C.D. Cal. Aug. 30, 2012) ("Given that Defendant is entitled to judgment as a matter of law as to the meal and rest break claims, then, Defendant is also entitled to judgment as a matter of law as to Plaintiffs' derivative meal and rest break

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

claims under . . . PAGA"); *Jones v. Spherion Staffing LLC*, No. 11-06462, 2012 WL 3264081, at *10 (C.D. Cal. Aug. 7, 2012) (dismissing PAGA claims where plaintiffs failed to state a claim with respect to underlying California Labor Code violations).  There is no good reason for this Court to have to duplicate the work of its sister court in Washington, especially given that Judge Coughenour has already granted Lawson permission to amend his claims to add the same PAGA claim that Lawson's attorneys unnecessarily seek to litigate here.

The overlap in claims, parties, and evidence means that the federal courts and Amazon will be forced to litigate the same case twice.  Avoiding this scenario is the very reason courts enforce the first-to-file rule.  *See, e.g.*, *Inherent.com*, 420 F. Supp. 2d at 1097 (purpose of the first-to-file rule is to "promote efficiency and to avoid duplicative litigation").  Accordingly, the Court should dismiss Mack's duplicative claim.  If the Court declines to dismiss Mack's action, under the first-to-file rule it can and should transfer his wholly derivative PAGA claim to the Western District of Washington.  *Alltrade*, 946 F.2d at 628.

### 2. If Mack's action is not dismissed under the first-to-file rule, 28 U.S.C. § 1404(a) instructs that it should be transferred to the Western District of Washington.

The many reasons that support dismissing or transferring this action under the first-to-file rule apply with equal force under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

where it might have been brought or to any district or division to which all parties have consented." "The purpose of § 1404(a) is to 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *King-Scott v. Univ. Med. Pharm. Corp.*, No. 09-02512, 2010 WL 1815431, at *1 (S.D. Cal. May 6, 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  Each of these factors weighs in favor of transferring this action to the Western District of Washington where *Rittmann* is pending.

First, there is no doubt that this action could have been brought in the Western District of Washington, where Amazon has its principal place of business. Indeed, Mack's attorneys have already filed the same underlying California Labor Code claims in *Rittmann*.  Further, Lawson – through the same counsel as Mack – already told the Washington court he intends to assert a PAGA claim there.

Second, as to convenience, Mack and his attorneys cannot credibly object to transfer to the Western District of Washington in light of the fact that his counsel and Lawson (who also provided services in California) filed the same underlying California claims in *Rittmann*.  There is no reason to believe that litigating Mack's derivative PAGA claim in Washington will be any less convenient than litigating the predicate Labor Code claims there.  If anything, transferring venue will "ease the access to evidence and proof, as there is likely to be substantial overlap

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

between the discovery in this case and that in the" *Rittmann* lawsuit. *King-Scott*, 2010 WL 1815431, at *2. As importantly, transferring this action to Washington where it can be joined with *Rittmann* will be substantially more convenient for the many witnesses who otherwise would be forced to testify about identical claims in two separate actions.

Third, joining this action with the earlier-filed claims in the *Rittmann* action would well serve the "interest of justice." 28 U.S.C. § 1404(a). This factor dictates that cases may be transferred to promote the efficient use of judicial resources, to avoid unnecessary waste and expense, and to avoid inconsistent adjudications. *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960); *King-Scott*, 2010 WL 1815431, at *2. Transfer pursuant to § 1404(a) is particularly appropriate where it will prevent a party from having to defend the same claim in two different District Courts. *King-Scott*, 2010 WL 1815431, at *2 (transferring action to join claims with lawsuit that "allege[d] substantially similar claims against the same defendant and [sought] redress for the same class of people over the same period of time"); *Jolly v. Purdue Pharma L.P.*, No. 05-01452, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) ("'The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor.'" (quoting *A.J. Industries, Inc. v. U.S. Dist. Ct. for Cen. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974))). Indeed, "[t]o permit a situation in which two cases

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co.*, 364 U.S. at 26.

For the reasons described above, transferring this action to the Western District of Washington where it can be joined with *Rittmann* "would avoid duplicative litigation, further judicial economy and prevent the waste of resources." *King-Scott*, 2010 WL 1815431, at *2. Moreover, Mack's choice of forum is "not dispositive [under] § 1404(a) . . . and cannot be used to completely bar transfer of venue where, as here, substantial judicial resources will be saved and the fear of inconsistent outcomes will be abated by transferring venue." *Id.* Indeed, "where, as here, a plaintiff asserts his or her claims on behalf of a class, a plaintiff's choice of forum is given less weight." *Id.* (internal citations omitted).

Fourth, due to the parties' extensive briefing, Judge Coughenour is already familiar with two of the three California Labor Code claims that form the basis of this action, as well as the key factual and legal issues behind Mack's misguided misclassification theory that merely parrots the allegations raised in *Rittmann*. *See supra* Section II. Judge Coughenour's familiarity with the issues at the heart of Mack's PAGA claim further weighs in favor of dismissing or transferring this action, particularly considering that this case is in its infancy. *See Cadenasso v. Metro. Life Ins. Co.*, No. 12-05491, 2014 WL 1510853, at *23-24 (N.D. Cal. Apr.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

15, 2014) (finding transfer appropriate under § 1404(a) where first-filed court is familiar with the facts underlying later-filed action); *King-Scott*, 2010 WL 1815431, at *2 (to determine whether transfer is appropriate, courts look to "the court most familiar with the claims between parties"). *See also B & B Hardware, Inc. v. Hargis Indus., Inc.*, No. 06-04871, 2006 WL 4568798, at *6 (C.D. Cal. Nov. 30, 2006) (finding transfer appropriate under § 1404(a) where first-filed court is best positioned "to formulate the most efficient discovery and pretrial plan for the parties to avoid duplicative, unnecessary discovery efforts").

### B. In The Alternative, Mack's PAGA Claim Should Be Stayed Pending The Resolution of The Identical Underlying Claims Asserted in *Rittmann*. _____

If Mack's PAGA claim is not dismissed or transferred to the Western District of Washington, this action should be stayed in its entirety pending the resolution of the underlying California claims that Lawson, Mack's predecessor, has asserted in *Rittmann*.

Courts in this Circuit have recognized that "[s]eparating [a] PAGA claim from its predicate wage and hour and related claims is piecemeal litigation," which "**<u>overwhelmingly supports issuance of a stay</u>**." *Wentz*, 2012 WL 6021367, at *6 (emphasis added).  For this reason, courts have routinely stayed or otherwise declined jurisdiction over PAGA actions when the underlying Labor Code claims are compelled to arbitration or pending in different courts. *See, e.g.*, *id.* (dismissing and remanding PAGA claim to state court overseeing underlying

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

California Labor Code claim); *Iskanian v. CLS Transp. Los Angeles, LLC*, No. BC356521 (Sup. Ct. L.A. Cnty. Nov. 25, 2016) (staying PAGA claims pending arbitration of underlying California Labor Code claims).   Thus, in addition to the authority for staying this action under the first-to-file rule, *Alltrade*, 946 F.2d at 628, the derivative nature of Macks's PAGA claim provides another, independent basis for issuing a stay.

Allowing Mack to proceed separately in this Court while his underlying Labor Code claims are litigated in another forum would waste the resources of the Court and the parties, and potentially result in an inconsistent adjudication of overlapping claims.

## IV.      <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss this action under the first-to-file rule or, in the alternative, transfer this action to the Western District of Washington.  If the Court declines to dismiss or transfer Mack's action, it should be stayed in its entirety pending a resolution of the underlying Labor Code claims asserted in *Rittmann*.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANTS' MOTION TO DISMISS, OR,
IN THE ALTERNATIVE,
MOTION TO TRANSFER OR STAY
CASE No. 2:17-cv-02515-AB-RAO

1

Dated:      August 16, 2017        MORGAN, LEWIS & BOCKIUS LLP

2
                                              John S. Battenfeld

3
                                              Christopher J. Banks
                                              Theresa Mak

4

5
                                By: *s/ John S. Battenfeld*

6
                                    John S. Battenfeld
                                    Attorneys for Defendant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17