SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:   (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
(mcarlson@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:  (415) 630-2651
Facsimile:   (617) 995-5801

*Attorneys for Plaintiff,*
IAIN MACK, in his capacity as Private
Attorney General Representative,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAIN MACK, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. 2:17-cv-02515<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER OR STAY**<br><br>Date: September 15, 2017<br>Time: 10:00 a.m.<br>Dept.: Courtroom 7B<br>Hon. André Birotte Jr. |

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................1

II.  PROCEDURAL BACKGROUND ......................................................................3

      A.   The First-To-File Rule Does Not Apply To Bar This Case.................4

           1.   The First-To-File Rule Does Not Apply Here
               Because No PAGA Claims Were Ever Filed in
               the Rittman Case And Thus The Parties And
               Issues Are Distinct .........................................................4

           2.   The First-To-File Rule Should Not Apply Here
               Because Equity And Fairness Counsel In Favor
               of Allowing The PAGA Claims In This Case to
               Proceed Expeditiously ...................................................8

      B.   Transfer Of Mack's PAGA Claim Pursuant to 28 U.S.C. §
          1404(a) Is Not Appropriate ...............................................................10

      C.   A Stay of the PAGA Claim Is Not Warranted Because It is
          Routine for Litigants To Pursue PAGA Claims in One Case and
          Underlying Labor Code Claims In A Separate Case .........................14

III. CONCLUSION...................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Achal v. Gate Gourmet, Inc.*,
   114 F. Supp. 3d 781 (N.D. Cal. 2015) ...................................................6

*Adoma v. Univ. of Phoenix, Inc.*,
   711 F. Supp. 2d 1142 (E.D. Cal. 2010) .................................................8

*Alltrade, Inc. v. Uniweld Products, Inc.*,
   946 F.2d 622 (9th Cir.1991) ..................................................................5

*Arias v. Superior Court*,
   46 Cal. 4th 969 (2009) .........................................................................17

*Arley v. United Pac. Ins. Co.*,
   379 F.2d 183 (9th Cir. 1967) ...............................................................11

*Aviles v. Quik Pick Express, LLC*,
   2015 WL 9810998 (C.D. Cal. Dec. 3, 2015) .........................................6

*Barapind v. Reno*
   225 F.3d 1100 (9th Cir.2000) ................................................................5

*Bradberryv. T-Mobile USA, Inc.*,
   2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) ......................................10

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ........................................................ 11, 13

*E. & J. Gallo Winery v. F. & P. S.p.A.*,
   899 F. Supp. 465 (E.D. Cal. 1994) ................................................ 11, 12

*Ferrero Litigation*,
   768 F. Supp .2d 1074 (S.D.Cal.2011) .................................................13

*Gardner v. GC Servs., LP*,
   2010 WL 2721271 (S.D. Cal. July 6, 2010) ..........................................7

*Getz v. Boeing Co.*,
   547 F.Supp.2d 1080 (N.D.Cal.2008) ..................................................13

*Haugh v. Barrett Bus. Servs., Inc.*,
   2017 WL 945113 (E.D. Cal. Mar. 1, 2017) .........................................15

*Hernandez v. DMSI Staffing, LLC*,
  79 F. Supp. 3d 1054 (N.D. Cal. 2015) ................................................................6

*Iskanian v. CLS Transp. Los Angeles, LLC*,
  59 Cal. 4th 348 (2014) ....................................................................... passim

*Komarnicki v. LinkUs Enterprises, LLC*,
  2017 WL 3284434 (E.D. Cal. Aug. 2, 2017) ................................................ 15, 16

*Morris v. Ernst & Young, LLP*,
  834 F.3d 975 (9th Cir. 2016) ............................................................... passim

Ochoa–Hernandez v. Cjaders Foods, Inc.,
  2010 WL 1340777 (N.D. Cal. Apr.2, 2010) ......................................................10

*Rittmann, et al. v. Amazon.com, Inc., et al.*,
  Civ. A. No. 2:16-cv-01554-JCC (W.D. Wa.) .............................................. passim

*Sakkab v. Luxottica Retail N. Am., Inc.*,
  803 F.3d 425 (9th Cir. 2015) ........................................................ 1, 8, 9, 12

*Tanguilig v. Bloomingdale's, Inc.*,
  5 Cal. App. 5th 665 (Ct. App. 2016) ...........................................................5

*Whitworth, et al. v. SolarCity Corp.*,
  2017 WL 2081155 (N.D. Cal. May 15, 2017) ...................................................15

*Wilkie v. Gentiva Health Servs., Inc.*,
  2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) ...................................... 5, 6, 7, 8

*Winfrey v. Kmart Corporation*,
  No. 16-55184 (9th Cir. May 19, 2017) ........................................................15

**Statutes**

28 U.S.C.A. § 1404(a) .......................................................................10

Cal. Labor Code § 226(a) .....................................................................5

Cal. Labor Code § 2802 .......................................................................5

Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207 ............................................3

Private Attorney General Act ("PAGA") Cal. Labor Code § 2699 ............................ passim

## I. INTRODUCTION

In its Motion to Dismiss or Alternatively, to Transfer or Stay the claims in this case (Dkt. 20), Defendants Amazon.com Inc. and Amazon Logistics Inc. ("Amazon") ask that the claims in this case be dismissed or stayed in favor of a pending case in the Western District of Washington, *Rittmann, et al. v. Amazon.com, Inc., et al.*, Civ. A. No. 2:16-cv-01554-JCC (W.D. Wa.).  However, the *Rittmann* case – which contains *no* PAGA claim – has itself has been stayed, pending a decision by the Supreme Court in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017).  The outcome of the Supreme Court's review of *Morris* will have no effect whatsoever on the Private Attorney General Act ("PAGA")[1] claim in this case because it is clearly not subject to the class action waiver in Amazon's arbitration agreements. *See Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 440 (9th Cir. 2015); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014).  Thus, there is absolutely no reason that the PAGA claim here should be transferred to Washington to await

---

[1]   *See* Cal. Labor Code § 2699, *et seq.*

resolution of issues that do not concern the PAGA claim or the legal issues in this case.[2]

Amazon charges that Plaintiffs are engaged in an "inexplicable effort to litigate the same issues in two different courts", *see* Dkt. 20-1 at 2, but Amazon is mistaken. The claims and parties in this case are distinct from those in *Rittmann* and present differing issues; the PAGA claim is brought on behalf of the state of California (the real party-in-interest) by Mr. Mack, who is not a named party in the *Rittmann* case, and unlike the claims in the *Rittmann* case, the class action waiver in Amazon's arbitration agreement will have no effect here. There is simply no reason for this case to be merged into a stayed case involving different parties and issues. Amazon's real motives in making this motion are clear; Amazon seeks to stymie and delay this PAGA claim for the foreseeable future, which is not in the

---

[2]    The *Rittmann* court indicated that Plaintiffs could have added a PAGA claim to their Second Amended Complaint if they wished to do so, but the Court specifically noted that any PAGA claim added to the case would be stayed along with the rest of the litigation. *See Rittmann*, C.A. No. 2:16-cv-01554, Dkt. 82. There was absolutely nothing wrong with Plaintiff Lawson filing a separate case here in California to pursue that claim rather than letting it get swept up in a larger, national case involving unrelated issues, which the court thought should await the Supreme Court's guidance on the arbitration issue. Furthermore, now that Lawson has substituted out of this case in favor of Mr. Mack, there is absolutely no overlap between the parties and claims in *Rittmann* and the parties and claims here. Amazon should not be permitted to delay the resolution of this PAGA claim here when the reasoning underlying the Rittman court's stay order is wholly inapplicable to a PAGA-only claim.

interest of the state of California or the aggrieved employees and is not "efficient" for the judicial system either.  For all these reasons and the reasons set forth further herein, the Court should deny Amazon's motion.

## II. PROCEDURAL BACKGROUND

The *Rittmann* case was filed in the Western District of Washington on October 4, 2016, as a collective action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207, *et seq*., with an accompanying Rule 23 class claim on behalf of drivers who performed work in Washington state, alleging that drivers have been misclassified as independent contractors and have not been properly paid minimum wage or overtime for their work. *See Rittmann*, C. A. No. 2:16-cv-01554, Dkt. 1.   The case was subsequently amended on December 1, 2016, to include Plaintiff Raef Lawson and a Rule 23 class of California drivers bringing wage claims under California law. *See Rittmann*, C. A. No. 2:16-cv-01554, Dkt. 33. At the time, Lawson also noted that he intended to amend the case at a later date to bring a PAGA claim. *Id.*

Plaintiffs filed a motion for conditional certification of their FLSA claims while Defendants filed a Motion to Dismiss as well as a Motion to stay the case pending the Supreme Court's decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017), which could potentially affect the enforceability of Amazon's arbitration agreement with many of the

putative class members in *Rittmann*.  On March 22, 2017, the *Rittmann* Court granted Amazon's Motion to Stay the case pending a decision by the Supreme Court in *Morris*. *See Rittmann*, C.A. No. 2:16-cv-01554, Dkt. 77.  The *Rittmann* Court subsequently allowed Plaintiffs to file a second amended complaint, including their PAGA claim if they wished, but noted that "the case will remain stayed per the Court's previous order." *Id*. at Dkt. 82.

Rather than file a PAGA claim in the *Rittmann* case, knowing that it would be subject to a lengthy and indefinite stay, Plaintiff Raef Lawson filed a PAGA claim before this Court.  Mr. Mack subsequently substituted into the case for Mr. Lawson by agreement of the parties, leaving only a PAGA claim in this case brought by Mr. Mack (on behalf of the state of California), and ***no overlap*** between the parties and claims in this case and the parties and claims in *Rittmann*. *See* Dkt. 16.

## III. ARGUMENT

### A. The First-To-File Rule Does Not Apply To Bar This Case

#### 1. The First-To-File Rule Does Not Apply Here Because No PAGA Claims Were Ever Filed in the Rittman Case And Thus The Parties And Issues Are Distinct

"The first-to-file rule is a recognized legal doctrine regarding duplicative lawsuits in which '[t]he principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues

has already been filed in another district.'" *Wilkie v. Gentiva Health Servs., Inc.*, 2010 WL 3703060, at *2 (E.D. Cal. Sept. 16, 2010) (quoting *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir.2000)).  The rule—which is discretionary, and applies only where the parties and issues in the first-filed lawsuit are substantially similar to the parties and issues in the second-filed lawsuit, *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir.1991)—has no application here where this action involves different claims and different parties.  Amazon argues that this case should be dismissed in favor of the first-filed *Rittmann* action in the Western District of Washington, which contains claims for misclassification of Amazon drivers as independent contractors and resulting wage claims under federal law and the law of several states, including claims for expense reimbursement under Cal. Labor Code § 2802 and for failure to provide itemized wage statements under Cal. Labor Code § 226(a).  However, critically, there is no PAGA claim in the *Rittmann* case, nor has there ever been, and as such, the state of California is not and never has been a party in the *Rittmann* action.[3]  The instant

_____

[3]     *See Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 382 (2014) ("[T]he government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit."); *Tanguilig v. Bloomingdale's, Inc.*, 5 Cal. App. 5th 665, 678 (Ct. App. 2016), *review denied* (Mar. 1, 2017) ("Because a PAGA plaintiff, whether suing solely on behalf of himself or herself or also on behalf of other employees, acts as a proxy for the state only with the state's acquiescence (see § 2699.3) and seeks civil penalties largely payable to the state via a judgment

case is the "first-filed" PAGA claim against Amazon, and there is simply no reason to defer to the *Rittmann* action, particularly where the PAGA claim presents unique concerns and issues that do not overlap with the pending claims in *Rittmann*. *See Wilkie*, 2010 WL 3703060, at *5 (refusing to apply the first-to-file rule to dismiss later-filed action where different claims were filed in the second action under California law).

Amazon argues that "Judge Coughenour has already granted [named plaintiff Raef] Lawson permission to amend his claims to add the same PAGA claim" in the *Rittmann* case, such that the PAGA claim in this case is duplicative and should be dismissed or transferred. *See* Dkt. 20-1 at p. 11.  However, "[t]he court must consider the pleadings and the cases *as they currently exist*." *Wilkie*,

that will be binding on the state, the PAGA claim cannot be ordered to arbitration without the *state's* consent."); *Aviles v. Quik Pick Express, LLC*, 2015 WL 9810998, at *7 (C.D. Cal. Dec. 3, 2015) ("[T]he government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit. The California Supreme Court [in *Iskanian*] determined that an employee could not waive the governments right to enforce the California Labor Code via representative PAGA claims and concluded that waivers of PAGA representative claims are therefore unconscionable."); *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 807 (N.D. Cal. 2015) ("PAGA plaintiffs do not assert the rights of third party employees, but instead represent the interests of the state labor law enforcement agency."); *Hernandez v. DMSI Staffing, LLC*, 79 F. Supp. 3d 1054, 1062 (N.D. Cal. 2015), *aff'd sub nom.*, 677 F. App'x 359 (9th Cir. 2017) ("A PAGA claim 'functions as a substitute for an action brought by the government itself,' and therefore any judgment binds the state labor law enforcement agencies.").

2010 WL 3703060, at *5 (emphasis added). "Whether amendments to the pleadings could later add a [PAGA claim] to the *Rittmann* action is not pertinent. What is relevant is that the [*Rittmann*] action [presently] alleges no [PAGA claim]…" *Id.*; *see also Gardner v. GC Servs., LP*, 2010 WL 2721271, at *5 (S.D. Cal. July 6, 2010) (analyzing two actions under the first-to-file rule and finding that the court must consider the claims in the cases "at this point" in time and not before amendment and noting that "[a]lthough Defendant argues the actions were brought by the same attorneys against the same defendant, it fails to cite any case law as to why this would be relevant in this context."). The fact remains that the *Rittmann* case presently contains no PAGA claim, and whether it might be amended to allege a PAGA claim is simply speculative and not relevant to the Court's analysis.[4]

Amazon's true motives in filing this motion are clear; the *Rittmann* action has been stayed indefinitely with no end in sight, and Amazon evidently hopes to dismiss or transfer the PAGA claims here in favor of *Rittmann* so that it will not have to face these claims at all for months, years, or perhaps ever. Such indefinite

_____

[4]     Likewise, Amazon's charges of "impermissible claim-splitting," *see* Dkt. 20-1 at 3, are erroneous because Lawson is no longer a plaintiff in this case; the parties stipulated to Mack's substitution as the plaintiff in this case. *See* Dkt. 16. Thus, Lawson does not have any claims pending in this case and he is not engaged in any "claim-splitting."

7

delays are extremely unfair to the state of the California and the aggrieved Amazon employees Mr. Mack seeks to represent.  This prejudice is particularly acute given that Judge Coughenour's stated reasons for staying the *Rittmann* case is to await guidance from the Supreme Court and Ninth Circuit regarding the validity of the class waiver in Amazon's arbitration agreements – an issue that is simply not relevant in this case because PAGA claims are representative claims that cannot be compelled to individual arbitration. *See Sakkab*, 803 F.3d at 440; *Iskanian*, 59 Cal. 4th at 384.  Thus, the Court should find that the requirements of the first-to-file rule are not met here because the parties (the state of California, as represented by Iain Mack) and the claims (under Cal. Labor Code § 2699, *et seq*) in this case are sufficiently distinct and different from the parties and the claims in the *Rittmann* action that application of the rule is not warranted.

**2.  The First-To-File Rule Should Not Apply Here Because Equity And Fairness Counsel In Favor of Allowing The PAGA Claims In This Case to Proceed Expeditiously**

"Even assuming the three requirements of the first-to-file rule are satisfied here, it does not follow that application of the rule is appropriate." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149-50 (E.D. Cal. 2010).  "[T]he court has broad discretion to not apply the rule in the interests of equity." *Wilkie*, 2010 WL 3703060, at *5; *see also Adoma*, 711 F. Supp. 2d at 1149-50 ("The doctrine is discretionary and, accordingly, the court may disregard it in the interests of

equity…The court is persuaded that the equities in this case tip in favor of an exception to the first-to-file rule").  Here, Amazon frames its entire argument in terms of judicial efficiency, but it entirely overlooks the prejudice to the state of California and the California Amazon drivers that will occur if these claims proceed in *Rittmann*, where any proceedings would be subject to a lengthy and indefinite stay.

The *Rittmann* court has ordered a complete stay of proceedings until the Supreme Court issues a decision in *Morris*, which is not likely to occur before 2018. *See Rittmann v. Amazon.com, Inc., et al.*, Civ. A. No. 2:16-cv-01554-JCC, Dkt. 77 (W.D. Wa. March 22, 2017).  Moreover, even once a decision is reached in *Morris*, the parties will likely engage in lengthy briefing regarding its application to the class action waiver in Amazon's arbitration agreement, resulting in further lengthy delays.  By contrast, here, the class action waiver has no application because it cannot bar representative claims under PAGA. *See Sakkab*, 803 F.3d 425, 440 (9th Cir. 2015); *Iskanian*, 59 Cal. 4th 348, 384 (2014).  Thus, it simply makes no sense to stall this case for months or even years when the PAGA claims in this case do not depend in any way on the issues the court is awaiting resolution of in *Rittmann*.  Indeed, it is decidedly inefficient and patently unfair to the California Amazon workers, the public, and the state of California.  "A delay of proceedings [caused by a stay of these claims] will allow any harm … to continue,

and therefore may materially affect the public interest in vindicating the rights of [the Amazon drivers]." *Bradberryv. T-Mobile USA, Inc.*, 2007 WL 2221076, at *5 (N.D. Cal. Aug. 2, 2007); *Ochoa–Hernandez v. Cjaders Foods, Inc.,* 2010 WL 1340777, at *2 (N.D. Cal. Apr.2, 2010) (noting that the purposes of the penalties afforded under PAGA "[are] fundamentally designed to protect the public at large"); *Iskanian*, 59 Cal. 4th at 381 (noting that PAGA "is fundamentally a law enforcement action designed to protect the public …").  In sum, the public interest overwhelmingly favors allowing these claims to go forward expeditiously rather than getting bogged down in a complex, stayed proceeding where the PAGA claim is likely to get lost and delayed among the numerous other legal issues at play.  For all these reasons, the Court should find that the first-to-file rule does not apply here.

### B. Transfer Of Mack's PAGA Claim Pursuant to 28 U.S.C. § 1404(a) Is Not Appropriate

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a).  "Three factors are in the inherently broad discretion of the Court, allowing the Court to consider the particular facts of each case: convenience of the *parties,* convenience of the *witnesses,* and *interest of*

*justice.*" *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (emphasis in original).  "Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed." *Id.*  Thus, "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  Here, Mack does not dispute that the PAGA claim could have been brought in the Western District of Washington, but Plaintiff Mack *does* vigorously contest that it would be more convenient and serve the interests of justice to transfer his PAGA claim.

First, convenience of the parties and witnesses cuts against transfer.  This case brings claims under *California* law, on behalf of the state of *California* for Labor Code violations committed against aggrieved employees who performed work *in California*.  While Amazon may be headquartered in Seattle, Washington, it is a huge corporation and does business extensively in the state of California, and there is no reason to think that the balance of witnesses and evidence will be located anywhere other than California. *See Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 185 (9th Cir. 1967) (finding that where the "principal witnesses were all in Oregon [and] the transaction had taken place there… the rational conclusion was that neither the convenience of witnesses no[r] the ends of justice would be advanced by transferring the case elsewhere.").  Likewise, Amazon has not shown

that it would be unduly inconvenienced by having to litigate this action here in the Central District of California.  "Convenience of counsel is not a consideration," *E. & J. Gallo Winery*, 899 F. Supp. at 466, but in any case, Amazon's chosen counsel has offices in Los Angeles.  Thus, contrary to Amazon's contentions, there are many reasons why litigating the PAGA claim in Washington will be less convenient than allowing the claim to proceed here, in Plaintiff's chosen forum.

Even more critically, the interests of justice also militate against a transfer of Mack's PAGA claim to the Western District of Washington.  As set forth *infra*, p. 8, the *Rittmann* court has ordered a complete stay of proceedings until the Supreme Court issues a decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, 137 S. Ct. 809 (2017), but the result in *Morris* will have no bearing on the PAGA claim in this case because Amazon's class action waiver cannot bar representative claims. *See Sakkab*, 803 F.3d 425, 440 (9th Cir. 2015); *Iskanian*, 59 Cal. 4th 348, 384 (2014).  It would be a great miscarriage of justice to force this PAGA claim to stall for months or even years pending a decision in an unrelated case that has no effect whatsoever on the PAGA claim.  Such an outcome would be unfair to the California Amazon workers, the public, and the state of California, and is decidedly against the interests of justice.

Amazon contends that the interests of justice favor transfer here because "Judge Coughenour is already familiar with …[the] California Labor Code claims"

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR TO TRANSFER OR STAY

in this case because they were briefed in *Rittmann*, *see* Dkt. 20-1 at p. 14, but Amazon's statement is a gross exaggeration; Amazon spent less than a page in its Motion to Dismiss arguing that the California Labor Code claims in *Rittmann* were inadequately pled. *See Rittmann*, Civ. A. No. 2:16-cv-01554-JCC, Dkt. 36 at pp. 10-11.  The parties have not even approached briefing the merits of these California state law claims, and there is no prospect that they will do so any time soon given that the case has been stayed for months already with no end in sight. Moreover, the PAGA claim presents unique issues that are not present in the *Rittmann* case.  Given that the *Rittman*n action was stayed at such an early juncture, there is simply no argument that Judge Coughenour has any particular familiarity with the facts of Plaintiff's California state law claims, and there is certainly no argument that the Western District of Washington is more familiar with PAGA claims.  On the contrary "[a] California district court is more familiar with California law than district courts in other states." *In re Ferrero Litigation*, 768 F. Supp .2d 1074, 1081 (S.D.Cal.2011) (citing *Getz v. Boeing Co.,* 547 F.Supp.2d 1080, 1085 (N.D.Cal.2008)); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (noting that courts considering a transfer under § 1404(a) will consider the "local interest in having localized controversies decided at home").

Amazon also argues that the interests of justice favor allowing the claims in this case to be transferred to the Western District of Washington because "[t]ransfer…is particularly appropriate where it will prevent a party from having to defend the same claim in two different District Courts." *See* Dkt. 20-1 at p. 13. But here, Amazon does ***not*** face the prospect of defending the same claim in two different District Courts.  There is no PAGA claim in the *Rittmann* action nor has there ever been, and there are no overlapping named plaintiffs now that Mr. Mack has substituted into this case for Mr. Lawson.[5]

In sum, convenience of the parties and witnesses and the interests of justice all militate against a transfer of the claims in this case to the Western District of Washington, and Amazon's request should be soundly rejected.

### C. A Stay of the PAGA Claim Is Not Warranted Because It is Routine for Litigants To Pursue PAGA Claims in One Case and Underlying Labor Code Claims In A Separate Case

Finally, Defendant Amazon cites just two cases for the dubious proposition that "courts have routinely stayed or otherwise declined jurisdiction over PAGA claims when the underlying Labor Code claims are compelled to arbitration or pending in different courts," arguing that a PAGA claim should not be pursued in a

---

[5]    Indeed, this was part of the purpose of substituting Mr. Mack for Mr. Lawson – to address any concerns regarding overlap with the *Rittmann* action or charges of claim-splitting.

14

separate case from the predicate wage and hour claims on which it is based. *See*

Dkt. 20-1 at pp. 15-16.  On the contrary, an abundance of recent caselaw holds that,

given the fundamental differences between PAGA claims for penalties brought on

behalf of the State and non-PAGA claims for damages, PAGA claims should ***not***

be stayed while related non-PAGA claims are decided in a different forum. *See*

*Komarnicki v. LinkUs Enterprises, LLC*, 2017 WL 3284434, at *4 (E.D. Cal. Aug.

2, 2017) (describing unique nature of PAGA claims as discussed by the California

Supreme Court and denying motion to stay PAGA claims pending resolution of

related non-PAGA claims in parallel state court action); *see also Winfrey v. Kmart

Corporation*, No. 16-55184 (9th Cir. May 19, 2017) (holding that "[t]he district

court acted within its discretion in denying a stay of Mr. Winfrey's nonarbitrable

PAGA action pending arbitration of Mr. Winfrey's Labor Code claims" because

"[i]f there is 'even a fair possibility' that a stay will 'work damage' to another

party, a stay may be inappropriate."); *Whitworth, et al. v. SolarCity Corp.,* 2017

WL 2081155, *4 (N.D. Cal. May 15, 2017) (denying request for stay where the

case contained "PAGA claims which will proceed in this Court regardless of

[whether the related Labor Code claims are ultimately compelled to arbitration].");

*Haugh v. Barrett Bus. Servs., Inc.*, 2017 WL 945113, *2, n.2 (E.D. Cal. Mar. 1,

2017) (noting that "it's not correct, as some courts seem to assume, that a

plaintiff's PAGA claims should always be stayed pending [resolution] of the

[related Labor Code] claims" and finding that "[w]hether a court should exercise [its] discretion to stay claims for PAGA penalties may depend on … the extent and degree to which the defendant's alleged conduct affects a class of people, and any need the class may have for prompt relief").

Courts that have stayed PAGA claims pending resolution of related non-PAGA claims in a different forum have typically reasoned (as Defendant does) that PAGA claims are "derivative" of non-PAGA claims and, therefore, the interests of efficiency cut in favor of requiring that the underlying Labor Code claims be decided before litigation of PAGA claims.  However, as discussed in *Komarnicki*, this assumption overlooks the fact that PAGA claims are disputes between an employer and the State, not an employer and a private citizen, and are therefore fundamentally different from and ***not*** derivative of, non-PAGA Labor Code claims. *Komarnicki*, 2017 WL 3284434, at *4-5; *Iskanian*, 59 Cal. 4th at 38 (discussing the legal characteristics of a PAGA representative action and stating that an employee suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies ... the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency ") (*citing Arias v. Superior Court*, 46 Cal. 4th 969 (2009)); *see also* cases cited *supra*, n. 1.  For all of these reasons, Amazon is

16

wholly incorrect to suggest that litigating PAGA and related, non-PAGA claims in two different fora at once is improper; on the contrary, it is commonplace to do so. Indeed, it would be extremely prejudicial under the circumstances present here to require Mack's PAGA claim here to await resolution of the California Labor Code claims in the *Rittmann* action, which are presently stayed.

## III.   CONCLUSION

Amazon's Motion to Dismiss, or alternatively, to transfer or stay this case (Dkt. 20) in favor of the *Rittmann* case in the Western District of Washington is a transparent attempt to place the claims in this case on ice indefinitely so that it can avoid having to face the PAGA claims against it any time soon.  The Court should reject Amazon's efforts to derail Mr. Mack's PAGA claim because it would not be efficient or just for the PAGA claim to get delayed and bogged down in the *Rittman* case, where numerous issues regarding Amazon's arbitration agreement will need to be resolved, none of which are at play here.  Thus, the Court should deny Amazon's motion and allow this case to proceed.

Dated:   August 25, 2017

Respectfully submitted,

IAIN MACK, in his capacity as Private Attorney General Representative,


*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.