MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
300 S. Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.1018
Fax: +1.213.612.2501

Theresa Mak, Bar No. 211435
theresa.mak@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: +1.415.442.1354
Fax: +1.415.442.1001

*Attorneys for Defendants*
AMAZON.COM, INC. and AMAZON LOGISTICS, INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

RAEF LAWSON, in his capacity as Private Attorney General Representative,

Plaintiff,

v.

AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,

Defendants.

Case No. 2:17-cv-02515-AB-RAO

**DEFENDANTS' REPLY MEMORANDUM OF LAW AND POINTS OF AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER OR STAY**

Date: September 15, 2017
Time: 10:00 a.m.
Dept.: Courtroom 7B

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 3
A. That *Rittmann* Does Not Include a PAGA Claim Has No Bearing on this Court's Decision to Dismiss, Transfer, or Stay This Action. .......... 3
1. It is the Substance of the Claims, Not their Labels, That Matter to the First-Filed Rule. .......... 3
2. None of Mack's Arguments Warrant a Departure from the First-Filed Rule in This Case. .......... 5
B. Transfer is Appropriate to the Western District of Washington Under § 1404(a) Because The *Rittmann* Action Concerns the Same Alleged California Labor Code Violations and the Same Parties as this Case. .......... 7
C. Mack Will Not Be Prejudiced by the Brief Stay in *Rittmann* Keyed to the Ninth Circuit's Forthcoming Decision in Swift and the Supreme Court Decision in Morris. .......... 8
D. Courts Routinely Stay PAGA Claims Pending The Resolution of Underlying California Labor Code Claims. .......... 9
III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bates v. Morgan Stanley Smith Barney LLC*
No. 09-3049, 2010 WL 3341819 (E.D. Cal. Aug. 25, 2010) .......... 11

*Centocor, Inc. v. MedImmune, Inc.*
No. 02–03252, 2002 WL 31465299 (N.D. Cal. Oct. 22, 2002) .......... 4, 8

*Colorado River Water Conservation Dist. v. United States*
424 U.S. 800 (1976) .......... 9, 10

*King-Scott v. Univ. Med. Pharm. Corp.*
No. 09-02512, 2010 WL 1815431 (S.D. Cal. May 6, 2010) .......... 4, 5

*Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th 947 (2015), *as modified* (Mar. 11, 2015) .......... 11

*Gardner v. GC Servs., LP*
No. 10-997, 2010 WL 2721271 (S.D. Cal. July 6, 2010) .......... 5, 7

*Haugh v. Barrett Bus. Servs., Inc.*
No 16-02121, 2017 WL 945113 (E.D. Cal. Mar. 1, 2017) .......... 10

*Inherent.com v. Martindale-Hubbell*
420 F. Supp. 2d at 1097 .......... 4

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*
544 F. Supp. 2d 949 (N.D. Cal. 2008) .......... 5

*Jasper v. C.R. England, Inc.*
No. 08-5266, 2012 WL 7051321 (C.D. Cal. Aug. 30, 2012) .......... 6

*Kag West, LLC v. Malone*
No. 15-03827, 2015 WL 6693690 (N.D. Cal. Nov. 3, 2015) .......... 11

*Komarnicki v. LinkUs Enterprises, LLC*
2017 WL 3284434 (E.D. Cal. Aug. 2, 2017) .......... 9, 10

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*NLRB v. Murphy Oil USA, Inc.*
No. 16-307 (U.S. July 19, 2017) (setting oral argument for "Monday, October 2, 2017") .......... 8

*PETA, Inc. v. Beyond the Frame, Ltd.*
No. No. 10-07576, 2011 WL 686158 (C.D. Cal. Feb. 16, 2011) .......... 3, 4

*Rittmann, et al. v. Amazon.com, Inc. et al.*
No. 16-01554 (W.D. Wash.), Dkt. #33 .......... *passim*

*Shepardson v. Adecco USA, Inc*.
No. 15-5102, 2016 WL 1322994 (N.D. Cal. Apr. 5, 2016) .......... 11

*Wentz v. Taco Bell Corp.*
No. 12-1813, 2012 WL 6021367 (E.D. Cal. Dec. 4, 2012) .......... 5, 6, 11

*Whitworth, et al. v. SolarCity Corp.*
No. 16-01540, 2017 WL 2081155 (N.D. Cal. May 15, 2017) .......... 10

*Wilkie v. Gentiva Health Servs., Inc.*
No. 10-1451, 2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) .......... 6, 7

*Winfrey v. Kmart Corporation*
No. 16-55184 (9th Cir. May 19, 2017) .......... 10

## I. INTRODUCTION

In his Opposition (Dkt. # 21), Mack does not dispute that this derivative PAGA action originally filed by Raef Lawson is based on the same alleged facts and the same alleged violations of the California Labor Code as the claims alleged by Lawson in the earlier filed *Rittmann* action pending in the Western District of Washington. Mack's strategy is instead to ignore those facts and the law. His arguments do not withstand scrutiny.

- *First*, Mack argues that there "is ***no overlap*** between the parties and claims in this case and the parties and claims in *Rittmann*." Opp. at 4. This is wrong as a matter of fact and grossly misleading as a matter of law. The Court need look no further than the case captions in the two actions to see that the claims by Lawson in *Rittmann* and Mack's derivative PAGA claim are alleged against the same Amazon defendants (collectively "Amazon"). And the surface-level distinction that Mack asks this Court to draw—between the derivative PAGA claim here and the underlying California Labor Code claims alleged in *Rittmann*—has no basis in Ninth Circuit authority addressing the first-filed rule. Instead, these decisions hold that the *substance* of the claims, not technical labels as Mack argues, dictate whether later duplicative actions like Mack's PAGA claim should be dismissed or transferred.

- *Second*, Mack argues that transfer to the Western District of Washington is not appropriate under § 1404(a) because his PAGA claim concerns alleged violations of the California Labor Code and contractors who worked in California. This argument fails for the same reasons as Mack's strained assertion that his PAGA claim does not overlap with the claims in *Rittmann*. The complaint in *Rittmann* that California contractor Lawson chose to file in Washington alleges violations of the exact same California laws, on behalf of a putative class of California contractors that overlaps entirely with the California contractors Mack "seeks to represent" in this case. Opp. at 8.

- *Third*, Mack objects to transfer to the Western District of Washington because the *Rittmann* action has been stayed, in his words, "indefinitely with no end in sight." Opp. at 5. This statement goes beyond exaggeration. The *Rittmann* action has been stayed pending the U.S. Supreme Court's decision in a trio of cases that will be decided *this* term following oral argument scheduled to take place *in a matter of weeks* on October 2, 2017 (the first day of the Fall Term). *See Rittman*, Dkts. #71, 73, 74. Mack's disingenuous concern about the soon-to-be expired stay is merely pretext for plowing forward with this duplicative action as a hedge against the outcome of the *Rittmann* case filed by his counsel.

- *Fourth*, Mack's expressed concern about the stay in *Rittmann* is based on the fundamentally flawed premise that his PAGA claim should be allowed to proceed in this Court without any consideration of the fact that the exact same underlying claims are separately pending in *Rittmann*. Courts in this Circuit and California state courts have consistently declined to allow PAGA claims to proceed concurrently with litigation or arbitration of the Labor Code claims that underlie the PAGA claims, recognizing that such piecemeal litigation is an inefficient waste of limited judicial resources. None of the decisions Mack cites refute this critical point.

Accordingly, for these reasons and additional reasons set forth below and in Amazon's initial moving papers, Amazon respectfully requests that the Court dismiss this action under the first-to-file rule or, in the alternative, transfer this action to the Western District of Washington, where the original filer of this action (Lawson) is alleging identical Labor Code violations on behalf of California contractors. If the Court declines to dismiss or transfer Mack's action, it should be stayed in its entirety pending a resolution of the claims asserted in by Lawson *Rittmann*.

///

## II. ARGUMENT

### A. That *Rittmann* Does Not Include a PAGA Claim Has No Bearing on this Court's Decision to Dismiss, Transfer, or Stay This Action.

#### 1. It is the Substance of the Claims, Not their Labels, That Matter to the First-Filed Rule.

Mack's primary argument in opposing Amazon's Motion is that there is "no PAGA claim in the *Rittmann* case." Opp. at 5.[1] Mack does not cite a single case supporting his overly rigid and formalistic argument, which is contrary to decades of authority in the Ninth Circuit. Courts in this Circuit "have adopted a *flexible* approach in evaluating the similarity of the parties and issues" under the first-filed rule. *PETA, Inc. v. Beyond the Frame, Ltd.*, No. No. 10-07576, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (citing *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 n. 6 (N.D. Cal. 2008) (holding that "exact identity [of parties] is not required to satisfy the first-to-file rule" and finding first-filed doctrine applied where resolution of later-filed claims in California would "be intimately intertwined with the factual and legal considerations" underlying related, but not identical, claims pending in New Jersey) (emphasis added). "Indeed, the first-to-file rule does not require identical parties *or* issues, so long as the actions are substantially similar or involve substantial overlap." *Id.* (citing *Walker v. Progressive Casualty Ins. Co.*, No. 03-656, 2003 WL 21056704, *2 (W.D. Wash. May 9, 2003) ("Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar,'" quoting *Nakash v. Marciano*, 882 F.

---

[1] That statement, while accurate for now, appears temporary and contrived. Mack's counsel has represented to both the court in *Rittmann* and Amazon's counsel that they intend to file a PAGA claim in that action on behalf of Lawson. *See* Dkt. 15; *see also Rittmann, et al. v. Amazon.com, Inc. et al.*, No. 16-01554 (W.D. Wash.) ("*Rittmann*"), Dkt. #33 at n.1. It appears, however, that counsel is delaying that amendment until *after* the instant Motion is decided by this Court.

2d 1411, 1416 (9th Cir. 1989)); *Centocor, Inc. v. MedImmune, Inc.*, No. 02–03252, 2002 WL 31465299, *3 (N.D. Cal. Oct. 22, 2002) (stating that the first-to-file rule does not require identical issues or parties "so long as the actions involve closely related questions or common subject matter").

This "flexible approach" to the first-filed rule is easily met here. It prevents parties like Mack and Lawson from using pleading ploys and superficial labels to engage in forum shopping and duplicative, burdensome litigation tactics. *See, e.g., Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d at 1097 ("The purpose of [the first-filed] rule is to promote efficiency and to avoid duplicative litigation and thus it should not be lightly disregarded," citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). This practical, common sense approach also avoids the potential for conflicting judgments, which is a distinct possibility here given that this Court and the court in *Rittmann* have been asked to decide the merits of the same California Labor Code claims brought on behalf of the same contractors. *See PETA*, 2011 WL 686158, at *1 ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments," quoting *Church of Scientology of California v. United States Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1980) *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016). The same principles supporting Amazon's Motion under the first-filed rule apply with equal force to its alternative request to transfer this action pursuant to § 1404(a). *See, e, g., King-Scott v. Univ. Med. Pharm. Corp.*, No. 09-02512, 2010 WL 1815431, at *1 (S.D. Cal. May 6, 2010) ("The purpose of § 1404(a) is to 'prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense"); *id.* at *2 (plaintiff's choice of forum cannot bar transfer of venue

where, as here, "substantial judicial resources will be saved and the fear of inconsistent outcomes will be abated").

**2. None of Mack's Arguments Warrant a Departure from the First-Filed Rule in This Case.**

Mack's Opposition states *ad nauseum* that a PAGA claim is brought on behalf of the State of California, and that the State of California is not a party in *Rittmann*. *See, e.g.*, at Opp. at 5, n.3. He also points out that Mack is not a named plaintiff in *Rittmann*. *Id.* at n.2. These unremarkable observations do not impact the application of the first-filed rule. *First*, as noted above, the first-filed rule does not require a complete identity of the parties. *See, e.g.*, *Intersearch,* 544 F. Supp. 2d at 959. *Second*, because this action and *Rittmann* are both actions brought on behalf of others, "the classes, and not the class representatives, are compared" to determine whether there is overlap between them. *Gardner v. GC Servs., LP*, No. 10-997, 2010 WL 2721271, at *4 (S.D. Cal. July 6, 2010).[2] *Third*, while the State of California is, as a technical matter, the "real party in interest," that label obscures the practical reality of how PAGA claims work. There is no such thing as an independent cause of action under PAGA; every PAGA claim depends, by definition, on the resolution of underlying California Labor Code claims. *See, e.g.*, *Wentz v. Taco Bell Corp.*, No. 12-1813, 2012 WL 6021367, at *5 (E.D. Cal. Dec. 4, 2012) ("The PAGA claim derives from California Labor Code claims. Without them, there is no substantive basis to assert a PAGA claim.").

Mack's PAGA claim is identically derived from the same California Labor Code claims already alleged in *Rittmann* and are exactly the same PAGA claims that Mack's counsel—who also are counsel in *Rittmann*—have represented they

[2] Because Mack's PAGA claim is admittedly a representative action brought on behalf of Amazon contractors (Opp. at 6), his choice of forum is not entitled to deference under § 1404(a). *See, e.g.*, *King-Scott*, 2010 WL 1815431, at *2.

will be filing through Lawson in *Rittmann*. *See* Declaration of John S. Battenfeld ¶ 2, Ex. A. These identical claims are alleged against the same defendant, Amazon, and Mack's claims will rise or fall depending on the resolution of the underlying claims and allegations in *Rittmann*. *See, e.g.*, *id.* (dismissing PAGA claim because plaintiff failed to assert valid, underlying California Labor Code claims); *Jasper v. C.R. England, Inc.*, No. 08-5266, 2012 WL 7051321, at *9 (C.D. Cal. Aug. 30, 2012) ("Given that Defendant is entitled to judgment as a matter of law as to the meal and rest break claims, then, Defendant is also entitled to judgment as a matter of law as to Plaintiffs' derivative meal and rest break claims under . . . PAGA"). All of these factors weigh strongly against Mack's formalistic and legally untenable argument and in favor of dismissing or transferring this action.[3]

None of the decisions cited by Mack leads to a different conclusion. In *Wilkie v. Gentiva Health Servs., Inc.*, No. 10-1451, 2010 WL 3703060, at *2-4 (E.D. Cal. Sept. 16, 2010), the court declined to apply the first-filed rule because (1) the job titles covered by the proposed class in the first-filed lawsuit (*Rindfleisch*) differed from the job titles in the proposed class in *Wilkie* and (2) *Rindfleisch*, unlike *Wilkie*, did not involve *any* claims under California law. *Id.* at *4 ("Indeed, no subclass of California litigants, alleging California state law claims, currently exists in the *Rindfleisch* action so there can be no similarity of the parties as to the state classes."). Mack's reliance on *Gardner v. GC Servs., LP*, No. 10-997, 2010 WL 2721271, *5-6 (S.D. Cal. July 6, 2010), a case that is

---

[3] As to Mack's argument that it is in the public interest for this action to remain in California, the State of California has made no effort to intervene or participate in this action despite having notice of Mack's (and Lawson's) intent to pursue PAGA claims. *See* Dkt. # 19 at n.2. Moreover, this argument is disingenuous given that the same counsel representing Lawson and Mack brought Lawson's California class claims in Washington and already have stated in pleadings (and otherwise) that they intend to add a PAGA claim through Lawson in *Rittmann*. *See, e.g.*, Dkt. 15.

the mirror image of *Wilkie*, is similarly inapposite. In *Gardner* (the later-filed action), the plaintiffs alleged putative claims under the California Labor Code, whereas the complaint in the first-filed action expressly *excluded* California employees and California claims from the action.

Here, on the other hand, Mack's PAGA claim is premised on the same alleged violations of the California Labor Code, based on the same alleged facts, and is brought on behalf of the same workers, as the California class claims pending against Amazon before Judge Coughenour in *Rittmann*.

**B. Transfer is Appropriate to the Western District of Washington Under § 1404(a) Because The *Rittmann* Action Concerns the Same Alleged California Labor Code Violations and the Same Parties as this Case.**

Mack argues that this action should remain in this Court because it "brings claims under *California* law" for alleged "Labor Code violations committed against aggrieved employees who performed work *in California*." Opp. at 11. Yet, those are the exact same violations alleged in *Rittmann*. Mack makes no attempt to explain how litigating his derivative PAGA claim in the same court where the underlying California Labor Code claims in *Rittmann* are already pending would be inconvenient. Indeed, transferring this action to Washington where it can be joined with *Rittmann* will avoid forcing the many overlapping witnesses to testify about identical issues in two separate actions in two different locations.

Mack's suggestion that Judge Coughenour is not "familiar" enough with California law is belied by the fact that through Lawson his counsel amended the original complaint in *Rittmann* to add the same California Labor Code claims underlying Mack's PAGA claim. *See Rittmann*, Dkt. #33; *see also* Opp. at 10. In fact, Lawson told the *Rittmann* court that he would amend that complaint to add his PAGA claim when the 65-day waiting period under PAGA expired. *See Rittmann*, Dkt. #33 at n.1. Lawson, who originally filed the instant case and for

whom Mack chose to "substitute" as plaintiff, clearly had no misgivings about bringing California claims before Judge Coughenour in the Western District of Washington. Instead, Lawson and Mack's counsel have changed their tune only *after* Judge Coughenour granted Amazon's motion to dismiss (without prejudice) and motion to stay.[4] That Mack's counsel apparently have soured on Judge Coughenour is not grounds for denying transfer, and does not render the *Rittmann* court an "inconvenient" forum.

### C. <u>Mack Will Not Be Prejudiced by the Brief Stay in *Rittmann* Keyed to the Ninth Circuit's Forthcoming Decision in *Swift* and the Supreme Court Decision in *Morris*.</u>

As "[t]he party filing the second action, Mack "must demonstrate the existence of special circumstances to overcome the strong presumption in favor of the first-filed action." *Centocor, Inc. v. MedImmune, Inc.*, No. 02-03252, 2002 WL 31465299, at *3 (N.D. Cal. Oct. 22, 2002). Mack falls well short of meeting this substantial burden. Mack contends that he will be prejudiced by the mere fact of the stay in *Rittmann*, which he wrongly characterizes as having "no end in sight." Opp. at 7, 13. The fact is that when this Motion is heard on September 15, 2017, the Supreme Court will be preparing to hear oral argument in *Morris*, *Lewis*, and *Murphy Oil*, on October 2, 2017—a mere two weeks later. *See NLRB v. Murphy Oil USA, Inc.*, No. 16-307 (U.S. July 19, 2017) (setting oral argument for "Monday, October 2, 2017"). At most, the stay in *Rittmann* will remain for a period of months—a short window when considered in the overall lifespan of a representative or class action that will likely involve extensive discovery, dispositive motion practice, and, potentially, appeals. Moreover, as explained below, whether or not *Rittmann* were stayed, this case should be stayed in any event. When considered in light of the burdens that will be

---

[4] The plaintiffs in *Rittmann* have since filed an amended Complaint including all of the California Labor Code claims at issue here. *Rittmann* at Dkt. #33.

imposed on the Court, Amazon, and the witnesses by allowing this duplicative litigation to proceed, the brief stay in *Rittmann* is not grounds for denying Amazon's Motion.[5]

**D. Courts Routinely Stay PAGA Claims Pending The Resolution of Underlying California Labor Code Claims.**

Amazon's Motion requests that, if the Court does not dismiss or transfer Mack's PAGA claim, this action should be stayed in its entirety pending the resolution of the identical underlying Labor Code claims in *Rittmann*, whether in court or arbitration. Mack argues that it is "routine" for courts to allow PAGA claims to proceed "while related non-PAGA claims are decided in a different forum." Opp. at 11. The cases cited by Mack for this dubious proposition, however, are easily distinguishable from this case.

- In *Komarnicki v. LinkUs Enterprises, LLC*, 2017 WL 3284434, at *4 (E.D. Cal. Aug. 2, 2017), unlike here, the underlying California Labor Code claims were brought in state court, and thus the court's decision turned on the application of the "narrow *Colorado River* doctrine." *Id.* The *Colorado River* doctrine is a precise, multi-part test that permits federal courts to decline their "virtually unflagging obligation . . . to exercise the jurisdiction given them" in favor of state court actions "only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* at *3 (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)). Critically, whereas the first-filed rule does *not* require a complete identity of the claims and the parties, the *Colorado River* doctrine does. *Id.* at *4 (declining to stay the PAGA claim split from state court action because the *Colorado River* doctrine "requires that

---

[5] Whether the outcome in *Morris* impacts Mack's PAGA claim has no bearing on whether Mack's case should be transferred to the *Rittmann* court. The question is whether the factual and legal issues in both cases are substantively similar, which they indisputably are.

the pending state court proceeding [will] resolve all issues in the federal suit"). The decision in *Komarnicki* thus turned on the type of technical distinctions between two actions that are irrelevant under the first-filed rule. *Komarnicki*, which relies on this dramatically different standard, simply has no bearing here.

- In *Haugh v. Barrett Bus. Servs., Inc.*, No 16-02121, 2017 WL 945113, *2-3 (E.D. Cal. Mar. 1, 2017), the court dismissed the plaintiffs' PAGA claim and noted that, even were plaintiff to re-file, the court *would likely stay* the claim pending resolution of plaintiffs' underlying claims under the California Labor Code.

- In *Whitworth, et al. v. SolarCity Corp.*, No. 16-01540, 2017 WL 2081155, *4 (N.D. Cal. May 15, 2017), the court held that both the plaintiffs' PAGA claim and the underlying Labor Code claims would proceed in the same court action and, consequently, that decision did *not* address the issue presented here: whether a party should be permitted to engage in piecemeal litigation by splitting a PAGA claim from its underlying claims pending in another forum.[6]

In contrast to the inapposite decisions relied on by Mack, for reasons of convenience and judicial economy and to avoid the risk on inconsistent judgments, courts in the Ninth Circuit consistently stay PAGA claims where, as here, the underlying Labor Code claims are litigated or arbitrated in another forum. *See e.g.*, *Shepardson v. Adecco USA, Inc.*, No. 15-5102, 2016 WL 1322994, at *6 (N.D. Cal. Apr. 5, 2016) (staying PAGA claim pending arbitration of underlying claims: "while the remaining claim (PAGA) is not identical to the claims sent to arbitration (minimum wage, rest period, wages on termination, and unfair business practices claims), the factual allegations underlying them are the same (*i.e.*, the employment dispute/relationship)"); *Kag*

[6] Another case cited by Mack, *Winfrey v. Kmart Corporation*, No. 16-55184 (9th Cir. May 19, 2017), is a one-page, unpublished decision that has no precedential authority, contains no recitation of the underlying facts, and does not explain the grounds for the District Court's decision.

*West, LLC v. Malone*, No. 15-03827, 2015 WL 6693690, at *4 (N.D. Cal. Nov. 3, 2015) ("If the arbitrator decides that the PAGA claims are not arbitrable, the Court will stay those claims pending arbitration of the other claims due to their derivative nature." (citing *Leyva v. Certified Grocrs of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979))); *Bates v. Morgan Stanley Smith Barney LLC*, No. 09-3049, 2010 WL 3341819, at *6 (E.D. Cal. Aug. 25, 2010) (staying PAGA claim pending resolution of related claims in different forum: "Allowing the two matters to proceed concurrently would unnecessarily risk inconsistent judgments and defeat efficiency."); *Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th 947, 966 (2015), *as modified* (Mar. 11, 2015) (ordering PAGA claims stayed pending arbitration of underlying labor code claims "[b]ecause the issues subject to litigation under PAGA might overlap those that are subject to arbitration of [the plaintiff's] individual claims").

Each of these decisions supports Amazon's position here: that "[s]eparating [a] PAGA claim from its predicate wage and hour and related claims is piecemeal litigation," which overwhelmingly supports issuance of a stay. *Wentz v. Taco Bell Corp.*, No. 12-1813, 2012 WL 6021367, at *5 (E.D. Cal. Dec. 4, 2012).

## III. CONCLUSION

For all of the these reasons, Defendants respectfully request that the Court dismiss this action under the first-to-file rule or, in the alternative, transfer this action to the Western District of Washington. If the Court declines to dismiss or transfer Mack's action, it should be stayed in its entirety pending a resolution of the underlying claims asserted in *Rittmann*.

Dated: September 1, 2017

MORGAN, LEWIS & BOCKIUS LLP

By *\/s/ John S. Battenfeld*
John S. Battenfeld
Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.