JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAIN MACK, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Case No. CV 17-02515-AB (RAOx)<br><br>[PROPOSED] ORDER GRANTING IN PART DEFEDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER OR STAY |

**I.     INTRODUCTION**

Pending before the Court is Defendants Amazon.com, Inc. and Amazon Logistics, Inc.'s Motion to Dismiss, or in the Alternative, to Transfer or Stay. (Dkt. No. 20.) Plaintiff, Iain Mack, filed an opposition, (Dkt. No. 21), and Defendants filed a reply, (Dkt. No. 23). The Court heard oral argument from the parties on September 15, 2017, and took the matter under submission. (Dkt. No. .) For the reasons discussed below, the Court **GRANTS IN PART** Defendants' Motion and

1.

**TRANSFERS** the case to the Western District of Washington.

## II. BACKGROUND

On October 4, 2016, Raef Lawson, the original named plaintiff in the instant matter, filed a class action complaint in the Western District of Washington ("*Rittmann*") against Amazon.com, Inc. and Amazon Logistics, Inc. alleging violations of the Fair Labor Standards Act ("FLSA"), Washington state law, and the California Labor Code. (*See Rittmann, et al. v. Amazon.com, Inc. and Amazon Logistics, Inc.*, No. 16-01554 (W.D. Wash.), Dkt. No. 1 ("*Rittmann* Compl.") ¶¶ 2-5.) That case was subsequently stayed pending Supreme Court review in *Epic Systems Corp. v. Lewis* (U.S. Jan. 13, 2017) (No. 16-285), a consolidation of three circuit court decisions, including a Ninth Circuit case, *Morris v. Ernst & Young, LLP*, 843 F.3d 975 (9th Cir. 2016).

Following the stay in *Rittmann*, Plaintiff filed the instant matter, a representative action under the Private Attorney General Act ("PAGA"). (Dkt. No. 1 ("Compl.") at ¶ 1.) The basis of Plaintiff's claim is that California delivery drivers who contracted with Defendants were misclassified as independent contractors when they were actually employees, and due to this misclassification, Defendants have violated California Labor Code sections 2802 and 226(a) by failing to properly reimburse the drivers for necessary business expenses and provide itemized wage statements. (*Id.* at ¶ 2.)

Defendants subsequently filed the instant Motion to Dismiss, or in the

Alternative, Transfer or Stay, on August 16, 2017, (Dkt. No 20 ("Mot."), challenging Plaintiff's decision to bring the instant action before this Court instead of the *Rittmann* court under the first-to-file rule, (Mot. at 9-11) .

### III. LEGAL STANDARD

The first-to-file rule is a principle of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 623, 625 (9th Cir. 1991) (explaining that under the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar case has previously been filed in another federal court). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. Comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Church of Scientology v. United States Dep't. of Army*, 611 F.2d 738, 750 (9th Cir. 1980) (internal citations omitted).

Courts consider three factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625-26. Exceptions to the first-to-file rule can be made in cases of bad faith, anticipatory suit, forum shopping, or where the

balance of convenience favors the later-filed action. *Id*. at 627-28; *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). Ultimately, however, "the most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Alltrade*, 946 F.2d at 627.

## IV. DISCUSSION

In this case, the chronology of the two actions is undisputed: the *Rittmann* action was filed first.[1] All that is left to consider is whether there is sufficient similarity of parties and issues as between the two actions to warrant application of the first-to-file rule.

### A. Substantial Similarity of Parties

Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties. "[E]xact identity is not required to satisfy the first-to-file rule. The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008). In the context of a class action, "the classes, and not the class representatives, are compared." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010).

---

[1] The complaint in *Rittmann* was filed on December 1, 2016, (*Rittmann* Dkt. No. 1), whereas the instant Complaint was filed on July 26, 2017, (*see* Dkt. No. 1).

Plaintiff argues the parties are not substantially similar because "the State of California is not and never has been a party in the *Rittmann* action," (Opp'n at 5), and Plaintiff "is not a named party in the *Rittmann* case," (*id.* at 2). These arguments are unpersuasive. Case law is clear that "[e]xact parallelism" need not exist for the parties to be substantially similar. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07–1827 SI, C 10–3517 SI, C 10–3619 SI, 2011 WL 1399441, at *2 (N.D. Cal. Apr. 13, 2011). Amazon is the defendant in both actions. (*See* Compl. ¶ 1; *Rittmann* Compl. ¶ 1.) Further, the class in *Rittmann* includes "all Amazon delivery drivers who have worked in California." (*Rittmann* Compl. ¶ 5.) Plaintiff likewise bases his claim on alleged California Labor Code violations affecting "all delivery drivers who have worked for [Defendants] in California . . . who have been classified as independent contractors." (Compl. ¶ 1.) "). Plaintiff, Iain Mack, is a member of the class in *Rittmann*, resulting in specific overlap between plaintiffs.[2] (*See* Am. Compl. ¶ 2.)

---

[2] Plaintiff contends that, here, the real party in interest is the state of California. *See Iskanian v. CLS Transp. L. A., LLC*, 59 Cal. 4th 348, 384 (2014). Although true, this does not change the Court's analysis. "In a lawsuit brought under [PAGA], the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Arias v. Superior Court,* 46 Cal. 4th 969 (Cal. 2009). The employee plaintiff also brings a PAGA claim personally and on behalf of other current and former employees to recover civil penalties. Cal. Labor Code § 2699(a). As a result, "nonparty employees as well as the government are bound by the judgment in an action brought under [PAGA]." *Arias*, Cal. 4th at 986. Thus, because the parties need not be identical, the fact that Plaintiff is also a member of the class in *Rittmann* contributes to the similarity of parties for purposes of the first-to-file rule.

Since the named defendants in both matters are identical, and the class in *Rittmann* includes some if not all of the same individuals Plaintiff relies on for his cause of action here, the parties are substantially similar. *See Adoma,* 711 F. Supp. 2d at 1148 (finding parties substantially similar where both classes sought to "represent at least some of the same individuals"); *cf. Garner v. GC Servs., LP*, No. 10-CV-997-IEG (CAB), 2010 WL 2721271, at * 5 (S.D. Cal. July 6, 2010) (holding no substantial similarity of parties where previous overlap of classes eliminated by amendment).

**B. Substantial Similarity of Issues**

The applicability of the first-to-file rule to this claim also turns on whether the issues presented here are sufficiently similar to the issues in *Rittmann.* Like the similarity of parties prong, it has been held that for the first-to-file rule to apply, the issues in the two actions need not be identical. *Inherent.com v. Martindale-Hubble*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006).

Plaintiff bases his PAGA claim on Defendants alleged violations of California Labor Code sections 2802, 226(a) and 1174(d). (Compl. ¶¶ 2, 14.) The *Rittmann* complaint alleges violations of the Fair Labor Standards Act ("FLSA"), Washington state law, and California Labor Code sections 2802 and 226(a). (*Rittmann* Compl. ¶ 5.) In his Opposition, Plaintiff admits he also expressed the intent to "amend [*Rittmann*] at a later date to bring a PAGA claim." (Opp'n at 3-4; *see also* Declaration of John S. Battenfield in Support of Defendants' Reply ("Battenfield Decl.") ¶ 2.)

6.

In support of their claim that the issues are substantially similar, Defendants argue "the underlying basis for [Plaintiff's] PAGA claim is identical to the California claims already alleged . . . in *Rittmann*" and that "it would be impossible for this Court to reach the merits of [Plaintiff's] PAGA claim without first determining the central factual and legal disputes at issue in *Rittmann*." (Mot. at 10.)

Plaintiff contends that the issues in the two cases are distinct because here he asserts a PAGA claim and the plaintiffs in *Rittmann* do not. (Opp'n at 8.) Plaitniff further asserts that "the PAGA claim presents unique concerns and issues that do not overlap with the pending claims in *Rittmann*," (Opp'n at 6), but fails to outline any such unique issues. Although Plaintiff's PAGA claim provides a separate theory of relief, it is based on allegations of the same California Labor Code violations as the allegations in *Rittmann*. (*See* Compl. ¶ 2.) A central question in both cases remains whether Defendants committed violations of California Labor Code sections 2802 and 226(a) with respect to delivery drivers classified as independent contractors in California. (*Compare* Compl. ¶ 2 *with Rittmann* Compl. ¶ 5.) "This court could not arrive at the central question of the alternate theory without addressing the common factual issues implicated in both cases." *Adoma*, 711 F. Supp. 2d at 1149.

Moreover, Plaintiff only decided to file the instant claim after *Rittmann* was stayed, despite his original intent to file it before that court. (Opp'n at 3; *see also id.* at 2, n.2.) While the Court focuses on the pleadings as they currently exist, *see Wilkie v. Gentiva Health Services.*, No. 10–1451 FCD/GGH, 2010 WL 3703060, at * 5 (E.D.

7.

Cal. Sept. 16, 2010), the plaintiffs have indicated a specific intent to file a PAGA claim in the *Rittmann* action. (*See* Opp'n at 3 ("[the plaintiff] also noted that he intended to amend the case at a later date to bring a PAGA Claim"); *id.* at 4 ("The *Rittman* court subsequently allowed Plaintiffs to file a second amended complaint, including their PAGA if they wished"); Battenfield Decl. ¶ 2 ("On July 5, 2017, the parties, through counsel, exchanged emails . . . . As part of this exchange, Plaintiff's counsel . . . confirmed that the originally named Plaintiff, Raef Lawson, would be moving to amend the complaint in the *Rittmann* case . . . to add Lawson's PAGA claim there.").) These facts contribute to a finding that the issues are substantially similar and likely would have been filed together had the stay not been issued in *Rittmann*. Accordingly, the Court finds that the issues are substantially similar.

**C. Equities**

"Even assuming the three requirements of the first-to-file rule are satisfied here, it does not follow that application of the rule is appropriate. The doctrine is discretionary and, accordingly, the court may disregard it in the interests of equity." *Adoma*, 711 F. Supp. 2d at 1149. The Ninth Circuit has held that fairness considerations and equitable concerns could bar the application of the rule. *Alltrade,* 946 F.2d at 628.

Plaintiff alleges generally that application of the first-to-file rule will inflict prejudice on "the state of California and the California Amazon drivers." (Opp'n at 9.) Plaintiff also asserts that "the PAGA claim is likely to get lost and delayed among

the numerous other legal issues at play," presuming the case is transferred. (Opp'n at 10.)

Despite Plaintiff's concerns, there is no reason to believe that the PAGA claim will be "lost" if it were to be asserted in *Rittmann*. This is especially true considering the number of overlapping issues that exist between the PAGA claims and the other California claims asserted in *Rittmann*. (*See* Compl. ¶ 2; *Rittmann* Compl. ¶ 5.) And contrary to Plaintiff's assertion, there is "an end in sight" for the stay in *Rittmann*: the Supreme Court will hear oral argument in the relevant cases on October 2, 2017. (Opp'n at 7, 13.)

Moreover, the interests of judicial efficiency and preventing duplicative litigation weigh in favor of transfer. Because both claims involve the determination of whether violations occurred under the California Labor Code for the same set of individuals, conflicting judgments are a distinct possibility. *See PETA, Inc. v. Beyond the Frame, Ltd.*, No. CV 10–07576 MMM (SSx), 2011 WL 686158, at * 1 (C.D. Cal. Feb. 16, 2011) (stating that the first-to-file rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments"). Therefore, because there is a substantial similarity of parties and issues, no undue prejudice to Plaintiff, and a possibility of inconsistent determinations, the Court finds it appropriate to apply the first-to-file rule in this case.

**D. Transfer**

Where the similarity requirements are satisfied, courts have broad discretion to

9.

dismiss, transfer, or stay an action under the first-to-file rule. *See Adoma*, 711 F. Supp. 2d at 1146. Transfer to a district where the case might have been brought is also appropriate under 28 U.S.C. § 1404 for the convenience of parties and witnesses in the interests of justice. Based on Plaintiff's argument that the PAGA claim will not be affected by the Supreme Court's determination in *Morris*, the Court finds transfer, as opposed to dismissal or stay, the most appropriate solution.

The original plaintiff in this case, Raef Lawson, chose to file his California Labor Law claims in Washington, not California. (*Rittman* Compl. ¶ 5.) He then filed the instant action before this Court, based on the same alleged violations he presented to the Washington court. Plaintiff does not dispute that this cause of action could have been brought in the Western District of Washington. (Opp'n at 11.) Indeed, the *Rittmann* court granted plaintiffs permission to amend their complaint to assert the PAGA claim. (*See* Opp'n at 2, n. 2.) And as noted above, this claim likely would have been asserted there absent that court's decision to temporarily the stay the case. (*See* Opp'n at 2, 4.) On a related note, Plaintiff also argues that California courts are more apt to make decisions involving California law. (Opp'n at 13.) Even assuming this is true, the plaintiffs in *Rittmann* assert violations of the same substantive California law as Plaintiff here, and thus, must believe the Western District of Washington fully capable of deciding these issues. These facts weigh in favor of transfer.

Transfer would also promote judicial efficiency and the convenience of parties

and witnesses.  Both cases will require the court to determine whether Amazon misclassified delivery drivers as independent contractors, and if so, whether it failed to reimburse them for all necessary expenditures incurred in the performance of their duties, and provide itemized wage statements.  (*Compare* Compl. ¶ 2 *with Rittmann* Compl. ¶ 5.)  The overlap of issues will require the parties and the courts to engage in many of the same efforts in both cases.  *See Wentz v. Taco Bell Corp.*, No. CV F 12–1813 LJO DLB, 2012 WL 6021367, at * 6-7 (E.D. Cal. Dec. 4, 2012) (holding that similar overlap "will require duplicative efforts to address the same discovery, pretrial and dispositive issues in two separate action" and result in piecemeal litigation).  Transferring the instant action will eliminate many of these duplicities by consolidating the issues before one court.  Further, transfer ensures that any witnesses called would only be required to appear in one case.  *See Hernandez v. Union Pac. R.R. Co.*, No. C 04-04899 JW, 2005 WL 396614, at *2 (N.D. Cal. Feb. 18, 2005) (noting that even absent consolidation, "transfer benefits most of the witnesses because they will avoid the expense of traveling to two identical dispositions in two distant locations").  Accordingly, the Court finds transfer of this case appropriate under the first-to-file rule.

## V. CONCLUSION

For the foregoing reasons, the Court finds the first-to-file rule applicable to this case, and exercises its discretion to transfer the case in the interests of justice and for the convenience of parties and witnesses.  Accordingly, the Court **GRANTS**

11.

Defendants' Motion in part and ORDERS that this action shall be transferred to the Western District of Washington. The Clerk of the Court is directed to take all necessary steps to facilitate the transfer of this action.

**IT IS SO ORDERED.**

Dated: September 19, 2017    _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE